UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

NOV - 4 2016

RECEIVED

**UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED   NOV - 4 2016

CLERK

| | |
|---|---|
| TRUMP RUFFIN COMMERCIAL, LLC, | Case No. **16-1386** |
| *Petitioner*, | |
| v. | |
| NATIONAL LABOR RELATIONS BOARD, | |
| *Respondent*. | |

ORIGINAL

## PETITION FOR REVIEW OF DECISION AND ORDER OF THE NATIONAL LABOR RELATIONS BOARD

Petitioner Trump Ruffin Commercial, LLC ("Petitioner"), pursuant to

Federal Rule of Appellate Procedure 15(a) and 29 U.S.C. § 160(f), hereby petitions

the United States Court of Appeals for the District of Columbia Circuit for review

of, and respectfully requests that the Court set aside, the Decision and Order of the

Respondent, the National Labor Relations Board, entered on November 3, 2016 in

NLRB Case 28-CA-181475, and reported at 364 NLRB No. 143.  A copy of the

Decision and Order is attached hereto as Exhibit "A."

Dated:  November 4, 2016

Respectfully submitted,

By: _____

Matthew J. Cute
THE TRUMP ORGANIZATION
One Trump National Drive
Rancho Palos Verdes, California 90275
Telephone: (310) 303-3244
Email: mcute@trumphotels.com

William J. Dritsas
SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, CA 94105-2930
Telephone: (415) 397-2823
Email: wdritsas@seyfarth.com

*Counsel for Petitioner*
*TRUMP RUFFIN COMMERCIAL, LLC*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rules of Appellate Procedure 15(c) and 25(b), I hereby certify that I caused true and correct copies of the foregoing **PETITION FOR REVIEW OF DECISION AND ORDER OF THE NATIONAL LABOR RELATIONS BOARD** to be served upon the following individuals, via certified, first-class United States mail on this 4th day of November, 2016:

Gary Shinners
Office of the Executive Secretary
National Labor Relations Board
1015 Half Street SE – Room 5011
Washington, D.C. 20570

Linda Dreeben, Esq.
Deputy Associate General Counsel
Appellate and Supreme Court
Litigation Branch
Office of General Counsel
National Labor Relations Board
1015 Half Street SE
Washington, D.C. 20570

Cornele A. Overstreet
Regional Director, Region 28
National Labor Relations Board
2600 North Central Ave, Suite 1400
Phoenix, AZ 85004-3099

Elise F. Oviedo
National Labor Relations Board
Region 28 – Las Vegas Resident Office
300 Las Vegas Boulevard South,
Suite 2-901
Las Vegas, NV 89101-5833
*Counsel for the General Counsel*

Richard G. McCracken
McCracken, Stemerman & Holsberry
1630 South Commerce Street, Suite A-1
Las Vegas, NV 89102-2700
*Counsel for Charging Party*

Local Joint Executive Board of Las
Vegas, Affiliated With Unite Here
International Union
1630 South Commerce Street
Las Vegas, NV 89102-2700
*Charging Party*

By: _____
        Matthew J. Cute
        Attorney for Petitioner

# EXHIBIT "A"

NOTICE: This opinion is subject to formal revision before publication in the bound volumes of NLRB decisions. Readers are requested to notify the Executive Secretary, National Labor Relations Board, Washington, D.C. 20570, of any typographical or other formal errors so that corrections can be included in the bound volumes.

**Trump Ruffin Commercial, LLC d/b/a Trump International Hotel Las Vegas *and* Local Joint Executive Board of Las Vegas, affiliated with Unite Here International Union.** Case 28–CA–181475

November 3, 2016

DECISION AND ORDER

BY CHAIRMAN PEARCE AND MEMBERS MISCIMARRA AND MCFERRAN

This is a refusal-to-bargain case in which the Respondent is contesting the Union's certification as bargaining representative in the underlying representation proceeding. Pursuant to a charge filed on August 4, 2016, by Local Joint Executive Board of Las Vegas, affiliated with UNITE HERE International Union (the Union), the General Counsel issued the complaint on August 17, 2016, alleging that Trump Ruffin Commercial, LLC d/b/a Trump International Hotel Las Vegas (the Respondent) has violated Section 8(a)(5) and (1) of the Act by refusing the Union's request to recognize and bargain with it following the Union's certification in Case 28–RC–153650. (Official notice is taken of the record in the representation proceeding as defined in the Board's Rules and Regulations, Secs. 102.68 and 102.69(d). *Frontier Hotel*, 265 NLRB 343 (1982).) The Respondent filed an answer admitting in part and denying in part the allegations in the complaint, and asserting affirmative defenses.

On September 1, 2016, the General Counsel filed a Motion for Summary Judgment. On September 2, 2016, the Board issued an order transferring the proceeding to the Board and a Notice to Show Cause why the motion should not be granted. The Respondent filed a response, and the Union also filed a response joining the General Counsel's motion.

Ruling on Motion for Summary Judgment

The Respondent admits its refusal to bargain, but contests the validity of the certification of representative based on its objections to the election in the underlying representation proceeding.

All representation issues raised by the Respondent were or could have been litigated in the prior representation proceeding. The Respondent does not offer to adduce at a hearing any newly discovered and previously unavailable evidence, nor does it allege any special circumstances that would require the Board to reexamine the decision made in the representation proceeding. We therefore find that the Respondent has not raised any

representation issue that is properly litigable in this unfair labor practice proceeding. See *Pittsburgh Plate Glass Co. v. NLRB*, 313 U.S. 146, 162 (1941).[1]

Accordingly, we grant the Motion for Summary Judgment.

On the entire record, the Board makes the following

FINDINGS OF FACT

I. JURISDICTION

At all material times, the Respondent has been a limited liability company with an office and place of business in Las Vegas, Nevada (the Respondent's facility) and has been engaged in operating a hotel providing food and lodging.

During the 12-month period ending August 4, 2016, the Respondent, in conducting its operations described above, purchased and received at its facility goods valued in excess of $50,000 directly from points located outside the State of Nevada, and derived gross revenues in excess of $500,000.

We find that the Respondent is an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act and that the Union is a labor organization within the meaning of Section 2(5) of the Act.

II. ALLEGED UNFAIR LABOR PRACTICES

A. The Certification

Following the representation election held on December 4 and 5, 2015, the Union was certified on March 21, 2016,[2] as the exclusive collective-bargaining representative of the employees in the following appropriate unit:

> All full-time, regular part-time, and on-call employees in housekeeping, food and beverage (including all pool employees), and guest services employed by the Employer at the Trump International Hotel in Las Vegas, Nevada; excluding all other employees including but not limited to front-desk employees, engineering and maintenance employees, office clerical employees, sales and marketing employees, security employees, human resources employees, finance employees, revenue employees, reservations, gift shop, spa, concierge

---

[1] Member Miscimarra agrees that summary judgment is appropriate in this unfair labor practice case because the Respondent has not presented any new matters that were not previously resolved in the prior representation case. Member Miscimarra did not participate in the prior representation case, and does not reach or pass on the merits of the Board's decision in that case.

[2] The original Decision and Certification of Representative, issued by the Regional Director on March 21, 2016, inadvertently omitted from the description of the unit the unit exclusions set forth in the stipulated election agreement. Accordingly, on August 16, 2016, the Regional Director issued a corrected Certification of Representative, correcting the description of the unit.

and owner/guest relations, PBX, confidential employees, managerial employees, guards, and all supervisors as defined under the Act.

The Union continues to be the exclusive collective-bargaining representative of the unit employees under Section 9(a) of the Act.

### B. Refusal to Bargain

At all material times, Brian Baudreau has held the position of Managing Director and has been a supervisor of the Respondent within the meaning of Section 2(11) of the Act and an agent of the Respondent within the meaning of Section 2(13) of the Act.

About March 22, 2016, the Union requested that the Respondent recognize and bargain collectively with the Union as the exclusive collective-bargaining representative of the unit. Since about March 29, 2016, the Respondent has failed and refused to do so.

We find that the Respondent's conduct constitutes an unlawful failure and refusal to recognize and bargain with the Union in violation of Section 8(a)(5) and (1) of the Act.

### CONCLUSION OF LAW

By failing and refusing since March 29, 2016 to recognize and bargain with the Union as the exclusive collective-bargaining representative of employees in the appropriate unit, the Respondent has engaged in unfair labor practices affecting commerce within the meaning of Section 8(a)(5) and (1) and Section 2(6) and (7) of the Act.

### REMEDY

Having found that the Respondent has violated Section 8(a)(5) and (1) of the Act, we shall order it to cease and desist, to recognize and bargain on request with the Union and, if an understanding is reached, to embody the understanding in a signed agreement.

To ensure that the employees are accorded the services of their selected bargaining agent for the period provided by law, we shall construe the initial period of the certification as beginning the date the Respondent begins to bargain in good faith with the Union. *Mar-Jac Poultry Co.*, 136 NLRB 785 (1962); accord *Burnett Construction Co.*, 149 NLRB 1419, 1421 (1964), enfd. 350 F.2d 57 (10th Cir. 1965); *Lamar Hotel*, 140 NLRB 226, 229 (1962), enfd. 328 F.2d 600 (5th Cir. 1964), cert. denied 379 U.S. 817 (1964).

### ORDER

The National Labor Relations Board orders that the Respondent, Trump Ruffin Commercial, LLC d/b/a

Trump International Hotel Las Vegas, Las Vegas, Nevada, its officers, agents, successors, and assigns, shall

1. Cease and desist from

(a)  Failing and refusing to recognize and bargain with Local Joint Executive Board of Las Vegas, affiliated with UNITE HERE International Union as the exclusive collective-bargaining representative of the employees in the bargaining unit.

(b)  In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

2. Take the following affirmative action necessary to effectuate the policies of the Act.

(a)  On request, bargain with the Union as the exclusive collective-bargaining representative of the employees in the following appropriate unit on terms and conditions of employment and, if an understanding is reached, embody the understanding in a signed agreement:

> All full-time, regular part-time, and on-call employees in housekeeping, food and beverage (including all pool employees), and guest services employed by the Employer at the Trump International Hotel in Las Vegas, Nevada; excluding all other employees including but not limited to front-desk employees, engineering and maintenance employees, office clerical employees, sales and marketing employees, security employees, human resources employees, finance employees, revenue employees, reservations, gift shop, spa, concierge and owner/guest relations, PBX, confidential employees, managerial employees, guards, and all supervisors as defined under the Act.

(b)  Within 14 days after service by the Region, post at its facility in Las Vegas, Nevada, copies of the attached notice marked "Appendix."[3]  Copies of the notice, on forms provided by the Regional Director for Region 28, after being signed by the Respondent's authorized representative, shall be posted by the Respondent and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted.  In addition to physical posting of paper notices, notices shall be distributed electronically, such as by email, posting on an intranet or an internet site, and/or other electronic means, if the Respondent customarily communicates with its employees by such means.  Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or cov-

---

[3]  If this Order is enforced by a judgment of a United States court of appeals, the words in the notice reading "Posted by Order of the National Labor Relations Board" shall read "Posted Pursuant to a Judgment of the United States Court of Appeals Enforcing an Order of the National Labor Relations Board."

TRUMP RUFFIN COMMERCIAL, LLC D/B/A TRUMP INTERNATIONAL HOTEL LAS VEGAS        3

ered by any other material. If the Respondent has gone out of business or closed the facility involved in these proceedings, the Respondent shall duplicate and mail, at its own expense, a copy of the notice to all current employees and former employees employed by the Respondent at any time since March 29, 2016.

(c) Within 21 days after service by the Region, file with the Regional Director for Region 28 a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Respondent has taken to comply.

Dated, Washington, D.C. November 3, 2016

 

_____
Mark Gaston Pearce,              Chairman

 

_____
Philip A. Miscimarra,              Member

 

_____
Lauren McFerran,              Member

(SEAL)        NATIONAL LABOR RELATIONS BOARD

## APPENDIX

NOTICE TO EMPLOYEES
POSTED BY ORDER OF THE
NATIONAL LABOR RELATIONS BOARD
An Agency of the United States Government

The National Labor Relations Board has found that we violated Federal labor law and has ordered us to post and obey this notice.

### FEDERAL LAW GIVES YOU THE RIGHT TO

Form, join, or assist a union
Choose representatives to bargain with us on your behalf
Act together with other employees for your benefit and protection
Choose not to engage in any of these protected activities.

WE WILL NOT fail and refuse to recognize and bargain with Local Joint Executive Board of Las Vegas, affiliated with UNITE HERE International Union as the exclusive collective-bargaining representative of our employees in the bargaining unit.

WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights listed above.

WE WILL, on request, bargain with the Union and put in writing and sign any agreement reached on terms and conditions of employment for our employees in the following appropriate bargaining unit:

> All full-time, regular part-time, and on-call employees in housekeeping, food and beverage (including all pool employees), and guest services employed by the Employer at the Trump International Hotel in Las Vegas, Nevada; excluding all other employees including but not limited to front-desk employees, engineering and maintenance employees, office clerical employees, sales and marketing employees, security employees, human resources employees, finance employees, revenue employees, reservations, gift shop, spa, concierge and owner/guest relations, PBX, confidential employees, managerial employees, guards, and all supervisors as defined under the Act.

TRUMP RUFFIN COMMERCIAL, LLC D/B/A
TRUMP INTERNATIONAL HOTEL LAS VEGAS

The Board's decision can be found at www.nlrb.gov/case/28-CA-181475 or by using the QR code below. Alternatively, you can obtain a copy of the decision from the Executive Secretary, National Labor Relations Board, 1015 Half Street, S.E., Washington, D.C. 20570, or by calling (202) 273–1940.

